## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**DONALD LEE a/k/a DON CAMPBELL,**
      **Petitioner,**

    v.                                    **Case No. 07C0261**

**JON E. LITSCHER,**
      **Respondents.**

### DECISION AND ORDER

On March 19, 2007, Donald Lee a/k/a Don Campbell filed this petition pursuant to 28 U.S.C. § 2254, alleging that he recently discovered that the State paid a key witness to testify against him at his 1992 trial for armed robbery.

Before looking into this claim any further, I must confirm that I have jurisdiction over the present petition notwithstanding that petitioner is currently incarcerated in Chicago, Illinois. Petitioner named as respondent Jon E. Litscher, Secretary of the Wisconsin Department of Corrections, and states that he is challenging a Kenosha County, Wisconsin armed robbery conviction for which he received a 15-year sentence on December 23, 1992. He further states that he was paroled for the armed robbery on August 6, 2002, with parole scheduled to elapse on January 20, 2007. He alleges that on April 24, 2003, petitioner was incarcerated in Illinois while awaiting trial there on some other crime that petitioner does not describe, and Wisconsin revoked his parole. He states that the Wisconsin Department of Corrections has informed him that after he is released from Illinois custody, he must serve the remainder of his Wisconsin sentence – two years, nine months

Petitioner's allegations suggest that petitioner is subject to a detainer lodged by the State of Wisconsin and that he is challenging such detainer, rather than his current detention. Assuming this to be true, then the present petition was properly filed in the Eastern District of Illinois. See Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 494-95 (1973) (stating that where a habeas petitioner challenges a detainer, "the most appropriate forum in such a case will ordinarily be a district court in the state that has lodged the detainer"). Of course, the proper respondent in this case would appear to be the Wisconsin court in which the detainer was lodged, rather than the Secretary of the Wisconsin Department of Corrections. See Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004). However, petitioner has not provided me with any specific information about his detainer and thus I will continue to name Litscher as respondent for the time being.

Thus, I turn to Rule 4 of the Rules Governing § 2254 Cases, under which I must give the case prompt initial consideration. The threshold question with respect to this petition is whether I must dismiss it pursuant to 28 U.S.C. § 2244 because it is "second or successive." Section 2244(b) provides that a habeas petitioner may not file a second or successive habeas petition in a federal district court until he has moved "in the appropriate court of appeals for an order authorizing the district court to consider the application."[1] It is clear that petitioner has filed at least one previous habeas petition regarding his 1992 armed robbery conviction, as such petition was presented to me and I dismissed it with

---

[1] The court of appeals is permitted to authorize such consideration only where the claim presented in the second or successive petition has not been presented in an earlier petition and it relies on a new rule of law made retroactive to cases on collateral review by the Supreme Court or on a factual predicate that could not have been discovered previously through the exercise of due diligence. Id.

2

prejudice for failure to prosecute. Petitioner long ago moved for reconsideration of that decision and appealed that decision to the Seventh Circuit, both to no avail. As such, it is clear that the present petition is properly viewed as second or successive and thus I lack jurisdiction to consider petitioner's claim.

I will transfer this petition the Court of Appeals so that such court may determine whether petitioner's claim meets an exception to § 2244's general bar on successive habeas petitions. See Randy Hertz & James S. Liebman, 2 Federal Habeas Corpus Practice and Procedure § 28.3d (5th ed. 2005) (stating where a petition is second or successive, the "better" course of action for the district court is to transfer it to the appropriate court of appeals rather than dismissing it); see also Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (stating that a petition filed in the district court may be transferred under 28 U.S.C. § 1631 to the court of appeals).

Therefore,

**IT IS ORDERED** that the clerk **TRANSFER** this case to the Seventh Circuit Court of Appeals.

Dated at Milwaukee, Wisconsin, this 26 day of March, 2007.

/s_____
LYNN ADELMAN
District Judge